PATTERSON, Judge.
John C. Williams appeals from the summary denial of his pro se petition for writ of habeas corpus challenging the constitutionality of a prison disciplinary proceeding.
On September 8, 1992, Williams, a prison inmate, was found guilty of being indebted to other inmates, a violation of prison regulations. As punishment for what the hearing officer found to be a “major” violation, he was ordered to serve 21 days in disciplinary segregation and was reclassified from Class I custody status to Class IV for that period. According to the state’s brief, the result of the change of custody status would be that Williams would not earn incentive good time during that 21-day period, which would extend his release date by 4 months and 23 days.
Williams contends, in his petition, that prison regulations classify the offense for which he was charged and found guilty as a “minor” offense; that the amount of disciplinary segregation and the change of classification exceeds the punishment authorized by the regulations; and that the regulations are being applied more severely as to him than as to other similarly situated prisoners.
*43 In response to Ms petition, the state filed a motion to dismiss, categorically denying the allegations in the petition, stating generally that Williams had received “the full range of due process to which he was entitled” and attaching a copy of the prison disciplinary report showing that the offense was considered a “major” violation. The prison regulations apparently involved were not made a part of the pleadings, and the substance of those regulations was not alleged in the pleadings. The trial court entered an order denying the petition and stating that the “pumshment was within the range of a minor disciplinary.”
We are of the opinion that, on its face, Williams’s petition alleges meritorious grounds for relief and that he is entitled to an evidentiary hearing on his allegations. We, therefore, remand this case with instructions that the trial court order the state to file responsive pleadings and that the court hold an evidentiary hearing on the merits of the petition. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time witMn 60 days of release of this opinion.
REMANDED WITH INSTRUCTIONS.
BOWEN, P.J., and TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., dissents without opinion.